J-S13004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALPHONSE JOHN PRITCHARD, | |
| Appellant | No. 1265 EDA 2016 |

Appeal from the PCRA Order Entered June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005339-1976

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 20, 2017**

Appellant, Alphonse John Pritchard, appeals *pro se* from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Appellant's conviction for first-degree murder and related offenses stems from a homicide he committed with the assistance of two co-conspirators on August 12, 1976. Pursuant to a scheme to capitalize on a life insurance policy, Appellant

> struck the victim twice about the head with an ax, strangled the victim with electrical cord, and then continued his strangulation efforts with a heavier type cord after the thinner electrical cord

---

[*] Former Justice specially assigned to the Superior Court.

broke. [Appellant] [and one of his co-conspirators,] after making efforts to clean the scene of the murder[,] transported and discarded the victim's body in the state of Delaware along a rural road.

PCRA Court Opinion ("PCO"), 10/18/16, at 1 n.2.

A jury trial was held in January and February of 1977. On February 5, 1977, the jury found Appellant guilty of first-degree murder, possessing an instrument of crime, and criminal conspiracy.[1] On February 2, 1978, the trial court sentenced Appellant to a mandatory term of life imprisonment without the possibility of parole ("LWOP") for first-degree murder. The trial court also sentenced Appellant to a concurrent, aggregate term of 5-10 years' incarceration for the remaining offenses, which has long since expired.

Appellant filed an unsuccessful direct appeal, the procedural history of which is not germane to the current matter.[2] Appellant then filed his first post-conviction collateral petition on March 17, 1981.[3] That petition was dismissed by the PCHA court in 1982. **See** Opinion and Order, 2/8/82, at 4. This Court affirmed that order on August 10, 1984. **See Commonwealth v.**

---

[1] **See** 18 Pa.C.S. §§ 2502(a), 907, and 903, respectively.

[2] **See Commonwealth v. Pritchard**, 411 A.2d 810 (Pa. Super. 1979). Although the record indicates that Appellant's subsequent allocatur petition to our Supreme Court was denied in 1980, we are unable to locate a citation for that decision.

[3] Appellant's first collateral petition was filed pursuant to the Pennsylvania Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA.

***Pritchard***, No. 538 Philadelphia 1982 (Pa. Super. 1983) (unpublished memorandum). Our Supreme Court denied Appellant's subsequent allocatur petition on February 15, 1985. ***See Commonwealth v. Pritchard***, No. 530 ED Allocatur Docket 1984 (Pa. 1985).

The instant matter began when Appellant filed a *pro se* PCRA petition on August 15, 2012. Appellant was initially appointed PCRA counsel, Stephen D. Molineux, Esq., but Attorney Molineux sought to withdraw his appearance pursuant to ***Commonwealth v. Finley***, 481 U.S. 551 (1987), and ***Commonwealth v. Turner***, 544 A.2d 927 (1988), by filing a no-merit letter with the PCRA court. By order dated January 13, 2014, the PCRA court both granted Attorney Molineux's petition to withdraw pursuant to ***Turner***/***Finley***, and notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response to the court's Rule 907 notice, but the court ultimately denied his PCRA petition on June 2, 2014. ***See*** Order, 6/2/14, at 1-2. Appellant filed a *pro se* notice of appeal from that order on April 22, 2016.[4] Appellant then filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on May 25, 2016. The PCRA court issued its Rule 1925(a) opinion on October 18, 2016.

Appellant now presents the following questions/issues for our review:

---

[4] The timeliness of this filing is discussed, *infra*.

I.   Did Appellant's filing of [his PCRA petition] meet the burden of … pleading and proving exceptions to the [PCRA's] time bar rule of 60 days?

II.  Appellant argues Fourteenth Amendment equal protection rights of first impression.  Should Appellant receive the benefit of the change in the new law like other similarly-situated individuals when the repealed statute enacted a lesser sentence [than] life imprisonment?

III. ***Miller v. Alabama***[, 132 S.Ct. 2455 (2012),] is now ruled to be retroactive.

Appellant's Brief at 3 (unnecessary capitalization, quotation marks, and emphasis omitted).

We begin by addressing the timeliness of Appellant's notice of appeal, filed nearly two years after the denial of his petition.  This Court issued an order directing Appellant "to show cause, within ten days of the date that this Order is filed, why this appeal should not be quashed as untimely filed on April 22, 2016 from the denial of the petition for post-conviction relief on June 2, 2014.  ***See*** Pa.R.A.P. 105(b); Pa.R.A.P. 903(a)."  ***See*** Order to Show Cause, 5/4/16, at 1 (single page).  Rule 903(a) provides that, "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a).  Rule 105(b) provides that:

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

- 4 -

Pa.R.A.P. 105(b).

Appellant filed a timely *pro se* response to the order to show cause on May 9, 2016. **See** Response to Order to Show Cause, 5/9/16, at 1-2. In that filing, Appellant argued that his failure to file a timely appeal from the PCRA court's order was excusable because he never received a copy of the PCRA court's June 2014 order denying his petition.

In its opinion, the PCRA court acknowledges that it was court error that led to Appellant's failure to initially file a timely notice of appeal:

On June 2, 2014, this court entered an order dismissing [Appellant]'s PCRA action. **See** Order dated June 2, 2014. A review of the record at bar reveals that this order (June 2, 2014) was docketed on June 3, 2014, by the Delaware County Office of Judicial Support. **See** AOPC Docket[;] **See** Pa.R.Crim.P. 114(A)(1). Although the docket reveals that the judicial support office timely forwarded a copy of this court's June 2, 2014, dismissal order[20] to [Appellant] on June 3, 2016, through first class United States mail, a review of the order's corresponding "File Recipient List" details that the dismissal order was not sent to [Appellant]'s correct address. **See** Dismissal Order dated June 2, 2014, and Attached File Recipient List. Even though [Appellant] was previously sentenced to life without parole and incarcerated at SCI Graterford, the Delaware County Office of Judicial Support forwarded this court's June 2, 2014, dismissal order to [Appellant]'s residential Illinois address listed on the docket from 1975. (Such confusion surrounding [Appellant]'s mailing address at this court's urging has since been remedied.)

[20] Although not this court's direct obligation, it did promptly forward [Appellant] copies of the dismissal order on June 2, 2016, by both regular mail and prepaid certified mail. On the certified mail's confirmation card being returned to this court, the same evidenced [Appellant] did not receive a copy of the order as SCI Graterford mailroom staff refused to accept such correspondence due to [Appellant]'s inmate number being incorrectly listed.

- 5 -

Recognizing [Appellant] was neither properly nor timely advised this court had entered an order dismissing his collateral motion, the time period for his lodging of a notice of appeal from this dismissal order should not be seen as then having commenced. Therefore, [Appellant]'s present appeal should be deemed "timely" filed as the otherwise inexplicable actions of the Delaware County Judicial Support Office in "serving" [Appellant] with the June 2014 dismissal order by mailing it to a residential address noted of-record in 1976, although the same record unquestionably reflects his first degree murder conviction and related life imprisonment sentence, is the type of systematic breakdown warranting the pending appeal proceeding *nunc pro tunc*.

PCO at 10-11 (some footnotes omitted).

We agree with the PCRA court. Generally speaking, "the [C]ourt may not enlarge the time for filing a notice of appeal[.]" Pa.R.A.P. 105(b). However, we will we "address[] an untimely appeal [if] it [is] shown that [a] breakdown of the processes of the trial court caused the appeal to be untimely." **Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002). As conceded by the PCRA court, and through no fault of Appellant, the Delaware County Office of Judicial Support failed to serve Appellant with a copy of the June 2014 order. Instead, it sent one copy of that document to the location of Appellant's residence in 1975. It sent the other copy to the prison where Appellant currently resides, but it used an incorrect inmate number for Appellant, causing the prison to reject the mail. This breakdown directly led to Appellant's failure to comply with Rule 903(a). The first time Appellant became aware of the June 2014 order was in the PCRA court's February 16, 2016 response to Appellant's subsequently filed supplemental motions. However, that correspondence "did not provide [Appellant] with

the requisite recitation of his appeal rights[.]" PCO at 11 n.22. Accordingly, the PCRA court advises that Appellant's April 22, 2016 notice of appeal was "dutiful[ly]" filed in light of the circumstances. We also agree with the PCRA court in this regard.

Consequently, we conclude that Appellant's failure to file a timely appeal from the June 2, 2014 order dismissing his PCRA petition was directly caused by a "breakdown of the processes of the [PCRA] court[,]" and that Appellant filed his notice of appeal with due diligence after first learning of that order. *Khalil*, 806 A.2d at 420. As such, we will address Appellant's appeal despite its untimely filing. *Id*.

Thus, we now turn to consider the dismissal of Appellant's PCRA petition. This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). Our first consideration is the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's PCRA petition is patently untimely – his sentence became final in 1980, 37 years ago. Accordingly, Appellant must avail himself of one of the Section 9545(b)(1) timeliness exceptions to be entitled to consideration of the merits of the claim(s) raised in his petition. Here, Appellant concedes the untimeliness of his petition, but argues that he meets the new retroactive right exception set forth in Section 9545(b)(1)(iii), and that he satisfied the 60-day rule of Section 9545(b)(2).

As to the latter, Appellant is correct. Appellant's claim relies on the *Miller* decision, which was decided on June 25, 2012. Appellant filed his

current PCRA petition on August 15, 2012, well within 60 days of the ***Miller*** decision. Accordingly, Appellant's ***Miller***-based retroactivity claim satisfied Section 9545(b)(2).

We must now turn to Section 9545(b)(1)(iii), to determine if the ***Miller*** decision is retroactive, and whether it applies to Appellant. The Supreme Court of the United States ("SCOTUS") established a new constitutional right in ***Miller*** by holding "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, 132 S.Ct. at 1260. Moreover, in ***Montgomery v. Louisiana***, 136 S.Ct. 718, 735–36 (2016), SCOTUS clarified that ***Miller*** applies retroactively. The only remaining question, therefore, is whether Appellant is in the class of individuals entitled to relief under ***Miller***.

By the nature of his arguments, Appellant implicitly concedes that he was not under the age of 18 at the time of his crime. Appellant's Brief at 12. Indeed, the PCRA court indicates that Appellant was 26 years old when he murdered the victim. PCO at 16 n.25. Nevertheless, Appellant asserts that he is being denied equal protection of the law. Specifically, Appellant believes he is a member of a distinct class (prisoners serving LWOP sentences), and that "to give parole to part of the 'class' and not to all the 'class,' is a violation of the Equal Protection Clause." Appellant's Brief at 19. It is therefore clear that Appellant is not seeking direct application of ***Miller*** to his case, as ***Miller***, by its own terms, applies only to juveniles sentenced

to LWOP. Instead, Appellant is attempting to extend the holding in *Miller* to an entirely different class of prisoners with LWOP sentences and, particularly, to the very same class excluded by the *Miller* decision – adults sentenced to LWOP.

Appellant's argument appears even weaker than those made by the petitioners in *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). In *Cintora*, the co-appellants, who were 19 and 21 years old at the time of their crimes, argued that *Miller* applied to them because a human brain does not fully develop until the age of 25, and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with immature brains, as adults." *Cintora*, 69 A.3d at 764. This Court rejected these claims, stressing that the co-appellants' "contention that a newly-recognized constitutional right should be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.*

We recently reaffirmed *Cintora*'s holding in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). There, the appellant, who was 19 years old when he committed his crimes, argued that he "may invoke *Miller* because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." *Furgess*, 149 A.2d at 94. Relying on *Cintora*, we reiterated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Id.*

Here, Appellant does not even attempt to allege that he is similarly situated with respect to the class of juvenile LWOP offenders affected by *Miller* beyond the sentence itself, reflecting a severe misunderstanding of the import of *Miller*, which was justified exclusively on issues pertaining to the immaturity of juveniles in relation to the permanence of LWOP sentences. The *Miller* Court did not rule that LWOP sentences, generally, violate the Eighth Amendment; indeed, the *Miller* Court did not even hold that mandatory LWOP sentences violate the Eighth Amendment. Instead, the *Miller* Court ruled that it was cruel and unusual punishment to impose *mandatory* LWOP sentences *on juveniles*. It is by definition, then, that Appellant is not entitled to relief under *Miller*. Therefore, like the petitioners in *Cintora* and *Furgess*, Appellant cannot satisfy the time-bar exception set forth in Section 9545(b)(1)(iii). Accordingly, we conclude that the PCRA court did not err when it dismissed Appellant's PCRA petition as being time-barred.

Order *affirmed*.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

- 11 -